No. 53285.—E. H. Corrigan · v. United States, petitions 6481–R and 6482–R (Laredo).

JOHNSON, Judge: These petitions for the remission of additional duties assessed under authority of section 489 of the Tariff Act of 1930, 19 U. S. C. § 1489, involve two shipments of bobby pins imported from Mexico, which were advanced in value by the appraiser, and pertain to the assessment of additional duties for undervaluation. The petitioner prays that the additional duties be refunded.

The merchandise in question was entered by the petitioner as the importer of record and he testified in his own behalf substantially as follows: The circumstances under which the merchandise was entered were most unusual. Entry was made during the period when we were at war. The customs personnel at the port of Laredo was inadequate and inexperienced, as were the employees of the customhouse brokers. There was a great influx of merchandise diverted to Laredo from other ports due to war conditions. The reason for such congested conditions was that in 1942 the movement of vessels was discontinued in the Gulf of Mexico and traffic, which ordinarily would have moved through Vera Cruz into New Orleans and New York, was routed through Laredo. Thus, shipments from Central America, which formerly would have been transported by water, were entered through Laredo, as was a large increase of shipments from Mexico. The merchandise in question was a new type to the petitioner and it was extremely difficult to obtain information from Mexico as the market was constantly changing because of the unusual demand for goods. A thorough study of market conditions might have taken weeks. Inquiry was made from petitioner's office of the appraiser as to market conditions prior to filing the entries, but no information could be obtained.

The witness further testified that the reason the entry papers were not as thoroughly scrutinized as ordinarily was entirely due to the congestion of shipments; and that in making entry in each shipment, he had no intention to conceal or misrepresent the facts or to defraud the Government of revenue or to deceive the appraiser as to the value of the goods.

These petitions are on all fours with petition 6462–R, decided June 2, 1949 (Abstract 53222), filed by the same broker, relative to an advance in value upon an importation of dried bananas, imported from Haiti through the port of Laredo, where the advance in value would have been insignificant had there not been an error in entering the packing charges. There, also, due to the rush of business, the broker was admittedly negligent in ascertaining the value of the merchandise by contacting the shipper. The war conditions, however, made it infeasible to obtain information from the shipper, and due to the rush of business, he was unable to properly supervise the work of his employees.

We are of opinion that the evidence as a whole fully establishes that in making the entries herein, the petitioner was without intention to defraud the Government or conceal or misrepresent the facts, nor did he endeavor to deceive the appraiser as to the value of the merchandise.

Judgment will therefore be entered granting the petitions.

DISSENTING OPINION

CLINE, Judge: I dissent.